Guillermo
ZULUAGA–ARISTIZABAL, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 89–0896 (JAF).

Crim. No. 87–051 (JAF).

United States District Court,
D. Puerto Rico.

June 13, 1991.

Guillermo Zuluaga–Aristizabal, pro se.

Luis A. Plaza, Asst. U.S. Atty., Daniel F. López–Romo, U.S. Atty., D. Puerto Rico, San Juan, P.R., for respondent.

## OPINION AND ORDER

FUSTE, District Judge.

Petitioner moves the court to require the United States Parole Commission and the Bureau of Prisons (BOP) to calculate his sentence as per a prior order of this court dated October 15, 1989. Upon review of the materials submitted in this case, it is apparent to us that a recent Supreme Court holding requires us to modify petitioner's sentence. Since we are modifying petitioner's sentence, his motion seeking an order forcing the Parole Commission/BOP to compute his sentence as per the October 15, 1989 order is moot. We have a word to say, however, about the Parole Commission's apparent contempt of this court's previous order.

### Prior Sentence

On April 27, 1987, petitioner entered a guilty plea to one count under 21 U.S.C. § 955, for possession of more than thirty-three pounds of cocaine. The criminal activity took place on February 28, 1987. Petitioner was sentenced to a twenty (20) year prison term, not subject to parole, along with a five (5) year term of supervised

release and a special monetary assessment in the amount of $50.

Following the imposition of the sentence, petitioner came before the court on a section 2255 arguing that the version of 21 U.S.C. § 960 that was in effect at the time of his offense did not include a no-parole provision, nor did it authorize the imposition of a supervised release term. Petitioner's argument at the time centered on the "delay" provision in the Anti–Drug Abuse Act of 1986, Pub.L. No. 99–570 § 1004(a), which was read by many courts to delay the effective date of certain of the penalty provisions as set out in the 1986 law until November 1, 1987, the date when the sentencing guidelines were to go into effect. For a history of the confusion caused by the ambiguity in the effective dates of these laws in our Circuit, see *United States v. Ocasio Figueroa*, 898 F.2d 825 (1st Cir.1990), and *United States v. Ferryman*, 897 F.2d 584 (1st Cir.1990).

On the basis of the then applicable trend in interpretation, we agreed with petitioner, vacating his supervised release and finding that his sentence was subject to the same parole provisions as were applicable prior to the 1986 amendments.

■ The Supreme Court has recently spoken on the issue. In *Gozlon–Peretz v. United States*, —— U.S. ——, 111 S.Ct. 840, 112 L.Ed.2d 919 (1991), the Court held that the supervised release provisions as set out in 21 U.S.C. § 841(b)(1)(A) (enacted as a part of the Anti–Drug Abuse Act of 1986 (ADAA), Pub.L. 99–570, 100 Stat. 3207, 3207–2 to 3707–4) became effective upon the date of enactment of the bill, October 27, 1986. The Court rejected the position of those circuits (like ours) which found that section 1004(a) of the ADAA postponed the effective date of the supervised release aspect of section 841(b)(1)(A) until November 1, 1987. The Court made clear, then, that the substantive no-parole and supervised release aspects of the ADAA became effective on October 27, 1986. Although the Court in *Gozlon* specifically faced a question about 21 U.S.C. § 841, the holding is equally applicable to the parallel provision in 21 U.S.C. § 960, the statute at issue here.

Therefore, petitioner's sentence must be modified to come into compliance with the currently effective understanding of the statute in question. The sentence of twenty (20) years imprisonment is left intact. The sentence is not subject to parole, since the no-parole provision in section 960 went into effect on October 27, 1986, prior to the date of the offense. The supervised release term of five (5) years is restored, since that term also went into effect in 1986.

■ The fact that the Supreme Court has now clarified the area, and caused us to rework this sentence, however, is no retroactive justification for the Parole Commission's having ignored the prior order of this court. In a memorandum from Jim Cochran, Inmate Systems Supervisor, to Dawn Ranck, Pre–Release Analyst, U.S. Parole Commission, Mr. Cochran wrote "PLEASE BE ADVISED THE COMPUTATION ON THE ABOVE NAMED SUBJECT HAS BEEN FOUND TO HAVE BEEN COMPUTED IN ERROR, SPECIFICALLY ALLOWING PAROLE ELIGIBILITY." (Docket No. 39, Exhibit B). The Parole Commission took it upon itself to refuse to implement this court's order on the basis of the Parole Commission's own interpretation of the law.

The Parole Commission does not have the authority to determine for itself which of those orders of a United States District Court Judge it agrees with and with which it disagrees. With the large volume of criminal cases handled by the federal courts in this country, there will undoubtedly be times where the Parole Commission will uncover a sentence imposed outside of the proper statutory limits for the offense. Their response cannot be to simply ignore the order of the court and impose the sentence they see fit. The matter can only be corrected, if at all, by a subsequent reevaluation by the court itself. In this respect, the Parole Commission failed to move for additional relief through the U.S. Attorney. As far as we are concerned, this should not occur again.

*Conclusion*

The petitioner's sentence is modified as follows:

1. The twenty (20) year term of imprisonment remains intact;

2. The term of imprisonment is not subject to parole; and

3. The term of imprisonment is to be followed by a supervised release term of five (5) years.

Petitioner's motion, so far as it seeks to force the Parole Commission and the Bureau of Prisons to compute petitioner's sentence as set out by this court on the order of October 15, 1989, is moot, since the sentence as set out in that order is no longer in effect.

IT IS SO ORDERED.